# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15cv114

| | |
|---|---|
| WILLIAM MARK KRINGS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
|     Defendant. ) | |
| _____ ) | |

Pending before the Court is the Motion to Dismiss [# 6]. Plaintiff brought this action against his employer, the United States Postal Service ("USPS"), asserting claims pursuant to 42 U.S.C. § 1983 for violations of 18 U.S.C. § 1581 and the Thirteenth Amendment to the United States Constitution. In addition, Plaintiff claims he is being required by the USPS to work without pay. The USPS moves to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6). Upon a review of the record, the parties' pleadings, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 6] and **DISMISS** the Complaint.

    **I.**    **Background**

Plaintiff is a resident of Asheville, North Carolina. (Pl.'s Am. Compl. at p.

1.) Although Plaintiff lives in Asheville, he is employed by USPS at the Highlands, North Carolina facility. (Id. at p. 2.) Because Highlands is approximately 80 miles from Asheville, Plaintiff must drive 160 miles round trip per workday. (Id.) Plaintiff contends that because he is only a part time employee, it costs him more to commute to Highlands each week than his after tax earnings. (Id.) The Complaint alleges that this "weekly deficit is cyclical, ongoing and inescapable." (Id.)

Plaintiff now brings this action pursuant to Section 1983 asserting claims for peonage, involuntary servitude, and work without pay. The USPS moves to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6). The District Court referred the motion to this Court. Accordingly, the Motion to Dismiss is now properly before this Court for a Memorandum and Recommendation to the District Court.

**II.  Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendant's motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir.

2009); Giacomelli, 588 F.3d at 190-92.  Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256.  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.  Nor will mere labels and legal conclusions suffice.  Id.  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d

at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

### III. Analysis

#### A. Peonage

Section 1994 abolished the practice of peonage. 42 U.S.C. § 1994. Section 1581 makes it a crime to hold another individual in a condition or peonage. 18 U.S.C. §1581(a). A victim of the crime of peonage may bring a civil action against the perpetrator of the act in a federal district court. 18 U.S.C. §1595(a). "[P]eonage is a form of involuntary servitude . . . ." Taylor v. State of Georgia, 315 U.S. 25, 29, 62 S. Ct. 415, 417 (1942). The Supreme Court has defined peonage as a condition of compulsory service where an individual is compelled to work based upon a debt owed his creditor. United States v. Reynolds, 235 U.S. 133, 144, 35 S. Ct. 86, 88 (1914); Bailey v. State of Alabama, 219 U.S. 210, 242-43, 31 S. Ct. 145, 152 (1911); see also Jenkins v. Trustees of Sandhills Cmty. College, 259 F. Supp. 2d 432, 445 (M.D.N.C. 2003). Fundamental to any claim of peonage is an indebtedness and a compulsion to work until such debt is paid off.

Bailey, 219 U.S. at 242, 31 S. Ct. at 152; Reynold, 235 U.S. at 144, 35 S. Ct. at 88.

As the Supreme Court explained in Bailey:

> Upon this is based a condition of compulsory service. Peonage is sometimes classified as voluntary or involuntary, but this implies simply a difference in the mode of origin, but none in the character of the servitude. The one exists where the debtor voluntarily contracts to enter the service of his creditor. The other is forced upon the debtor by some provision of law. But peonage, however created, is compulsory service, involuntary servitude. The peon can release himself therefrom, it is true, by the payment of the debt, but otherwise the service is enforced. A clear distinction exists between peonage and the voluntary performance of labor or rendering of services in payment of a debt. In the latter case the debtor, though contracting to pay his indebtedness by labor or service, and subject like any other contractor to an action for damages for breach of that contract, can elect at any time to break it, and no law or force compels performance or a continuance of the service.

219 U.S. at 243, 31 S. Ct. at 152.

Fatal to Plaintiff's claim is the fact that the Complaint fails to allege that he was indebted to the USPS, much less that his work with USPS was compelled in order to satisfy this debt. Absent such allegations, the Complaint fails to state a claim for peonage. The fact that Plaintiff may have made less in salary than he spent driving from Asheville to Highlands is insufficient as a matter of law to state a claim for peonage. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to the peonage claim.

### B. Thirteenth Amendment

The Thirteenth Amendment to the United States Constitution prohibits slavery and involuntary servitude in the United States. Jones v. Alfred H. Mayer Co., 392 U.S. 409, 438, 88 S. Ct. 2186, 2202 (1968). "The primary purpose of the Amendment was to abolish the institution of African slavery as it had existed in the United States at the time of the Civil War, but the Amendment was not limited to that purpose; the phrase involuntary servitude was intended to extend to cover those forms of compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results." United States v. Kozminski, 487 U.S. 931, 942, 108 S. Ct. 2751, 2759 (1988). Involuntary servitude means:

> a condition of servitude in which the victim is forced to work for the defendant by the use or threat of physical restraint or physical injury, or by the use or threat of coercion through law or the legal process. This definition encompasses those cases in which the defendant holds the victim in servitude by placing the victim in fear of such physical restraint or injury or legal coercion

Id. at 952, 108 S. Ct. at 2765; see also Herndon by Herndon v. Chapel Hill-Charrboro City Bd. Of Educ., 89 F.3d 174, 180-81. (4th Cir. 1996).

The Complaint fails to allege that USPS forced Plaintiff to work by the use of force, the threat of physical restraint, the threat of physical injury, the use or

threat of the law, or the use or threat of legal process. The Complaint is devoid of any allegation of the threatened use of physical or legal coercion necessary to give rise to a condition of involuntary servitude within the meaning of the Thirteenth Amendment. See Herndon by Herndon, 89 F.3d at 181. If Plaintiff is unhappy with the conditions of his employment with the USPS that require him to commute several hours a day, he is free to resign his employment. The Complaint, however, fails to allege any factual allegations supporting any claim based on any condition of involuntary servitude within the meaning of the Thirteenth Amendment. As such, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to the claim based on the Thirteenth Amendment.

### C. Claim for Unpaid Worktime

Finally, Plaintiff claims that he was not paid for the time he spent commuting to and from work. The Complaint, however, fails to allege that USPS was contractually obligated to pay Plaintiff for his commuting time. Moreover, the general rule under the Portal–to-Portal Act is that travel from home to work is not worktime for which an employer must receive compensation. 29 U.S.C. § 254(a); 29 C.F.R. § 785.35. Finally, the Complaint fails to identify what federal statute or right (other than those previously addressed in this Order) Plaintiff seeks to enforce pursuant to Section 1983 to recover pay for his commuting time. Regardless,

Section 1983 is generally not the proper mechanism for a postal employee to bring a claim against the USPS as to the scope of compensation under the terms and conditions of the employee's employment with the USPS. Upon a review of the factual allegations in the Complaint, the Court finds that Plaintiff has failed to set forth a claim against the USPS for unpaid worktime. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to the claim for unpaid worktime.

### IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 6] and **DISMISS** this action in its entirety.

Signed: September 21, 2015

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).